[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] CONSOLIDATED DECISION
Before this Court, Defendant General Electric (Defendant) moves to dismiss Deborah L. Kedy, et al.'s (Plaintiffs) cases pursuant to the doctrine of forum non conveniens.[1] The Defendant argues that this Court should adopt the doctrine of forum non conveniens in the State of Rhode Island because public and private factors demonstrate that Plaintiffs' claims should not be heard by this Court. Jurisdiction is pursuant to G.L. 1956 §8-2-14 and Super. R. Civ. P. 7.
 FACTS AND TRAVEL
The Plaintiffs are lifelong Canadian residents who allegedly suffered injuries from workplace exposure to asbestos.[2] The Plaintiffs' employment, exposure, injuries, and treatment occurred in Canada. The Defendant is a corporation authorized to do business in the state of Rhode Island. Venue is proper in this Court, pursuant to G.L. 1956 § 9-4-5 (Venue of actions between nonresident parties). The Plaintiffs filed the instant actions against the Defendant in this Court, alleging both personal injury and wrongful death caused by exposure to products containing asbestos. The Defendant urges this Court to adopt the doctrine of forum non conveniens, and to dismiss the claims brought by the Plaintiffs under the doctrine.
 THE DOCTRINE OF FORUM NON CONVENIENS
The doctrine of forum non conveniens allows a court to dismiss a case when a chosen forum — despite the existence of jurisdiction and venue — is so inconvenient that it would be unfair to the defendant to conduct its defense of the claim in that location. See Gulf OilCorp. v. Gilbert, 330 U.S. 501, 507 (1947). As it is generally applied, Federal Courts[3] and courts in States that have adopted the doctrine may dismiss an action if the defendant can demonstrate both that an adequate alternative forum exists and that a weighing of convenience and judicial efficiency strongly favors the claim's litigation in the alternative forum. SeeIragorri v. Int'l Elevator, Inc., 203 F.3d 8, 12 (1st Cir. 2000). Jurisdictions that have adopted the federal model of forum non conveniens, either by judicial decision or by statute, balance public and private interest factors promulgated in Gulf Oil Corp. to determine whether to dismiss the action in favor of another jurisdiction.[4] See, e.g., id.; Durkin v.Intevac, Inc., 782 A.2d 103, 112 (Conn. 2001); W.R.Grace Co. v. Hartford Acci. Indem. Co.,555 N.E.2d 214, 217-18 (Mass. 1990).
The Defendants have filed this motion to dismiss, arguing that this Court should adopt the doctrine of forum non conveniens and dismiss the Plaintiffs' case because the public and private factors of Gulf OilCorp. weigh strongly in favor of dismissal. The Plaintiffs contend that neither the Rhode Island Legislature nor the Rhode Island Supreme Court has ever recognized the doctrine of forum non conveniens. Furthermore, the Plaintiffs argue that even if this Court were to adopt the doctrine, the public and private factors do not weigh in favor of the cases' dismissal.
The Rhode Island Supreme Court has not ruled on or discussed the common law doctrine of forum non conveniens. See Michael J. Jacobs, Note, Georgia on theNonresident Plaintiff's Mind: Why the General AssemblyShould Enact Statutory Forum Non Conveniens, 36 Ga. L. Rev. 1109, 1109 (2002) (noting that Rhode Island is one of few states that has not yet adopted doctrine); seealso Courtemanche v. Bibbo, C.A. No. 03-6649, 2004 R.I. Super. LEXIS 178, at *34 (Oct. 5, 2004) (recognizing that Rhode Island has not adopted forum non conveniens); Perusse v. AC S, Inc., C.A. No. 00-5768, 2001 R.I. Super. LEXIS 57, at *2 (May 31, 2001) (stating that the Rhode Island Supreme Court has not recognized the doctrine of forum non conveniens). The Rhode Island Legislature, however, adopted a form of the doctrine when it approved the Uniform Child Custody Jurisdiction Act (Act) in 1978.[5] See P.L. 1978, ch. 185, § 1. In fact, all 50 states adopted some form of the Act by 1984. Linda M. De Melis, Note, InterstateChild Custody and the Parental Kidnapping PreventionAct: The Continuing Search for a National Standard, 45 Hastings L.J. 1329, 1330 n. 5 (1994). The Act allows the Family Court to "decline to exercise its jurisdiction . . . if it finds that it is an inconvenient forum," and that a court of another location is more appropriate. Section 15-14.1-19. In Rhode Island, however, the doctrine has not been applied outside child custody cases.
 ASBESTOS LITIGATION IN RHODE ISLAND
Even assuming, arguendo, that this Court were inclined to adopt and apply the doctrine of forum non conveniens to the instant matter, it would deny said motion. Currently, no litigation crisis exists in Rhode Island as this Court is not mired in asbestos litigation. Pursuant to the Presiding Justice's Order, Super. Ct. Admin. Order, No. 96-2 (Jan. 29, 1996), this Court has been individually responsible for case management of all asbestos-related litigation since January of 1996. However, there has been no deluge of asbestos cases over the past two decades. Although the asbestos docket has been active, it has been neither unmanageable nor unwieldy. On the contrary, due to the efficiency and diligence of both plaintiffs' and defendants' counsel, this forum has witnessed the resolution of scores of asbestos and/or asbestos related matters. Asbestos and asbestos-related litigation defies containment by boundaries. That plaintiffs and defendants get their claims and defenses heard as promptly as possible is essential to this docket.
If and when the management of this docket becomes too burdensome or inefficient, the Defendants' motion may be revisited. At the present time, such a situation is neither extant nor looming. Consequently, no compelling reason would warrant the Court's adopting the doctrine of forum non conveniens at this time.
 CONCLUSION
For the above reasons, this Court denies the Defendant's motion to dismiss. Counsel shall submit the appropriate order for entry.
[1] Other Defendants in the suit join Defendant General Electric's motion to dismiss. These include The Anchor Packing Company; Garlock Sealing Technologies LLC, Successor by Merger to Garlock, Inc.; General Refractories Company; Grefco, Inc.; and Durametallic Corporation.
[2] Two of the Plaintiffs, Joan Townsend and John Matthiasson, are United States citizens residing in Canada.
[3] Since 1948, when Congress enacted 28 U.S.C. § 1404(a) (permitting transfer of a case between United States district courts for "convenience of parties and witnesses"), federal courts have used the federal common law doctrine of forum non conveniens to accomplish a transfer of a case between a United States court and an international forum. See 28 U.S.C. § 1404(a); PiperAircraft Co. v. Reyno, 454 U.S. 235, 246 n. 12 (1981).
[4] The United States Supreme Court stated that
 "[p]rivate interest factors include the relative ease of access to proof, the availability of compulsory process for attendance of unwilling witnesses, the cost of obtaining attendance of willing witnesses, possibility of view of the premises if that be appropriate and all practical problems that make trial of a case easy, expeditious and inexpensive. Public interest considerations in applying the doctrine include the undesirability of piling up litigation in congested centers, the burden of jury duty on people of a community having no relation to the litigation, the local interest in having localized controversies decided at home and the unnecessary injection of problems in conflict of laws."
Gulf Oil Corp., 330 U.S. at 508-09.
[5] The Uniform Child Custody Jurisdiction Act was replaced by the Uniform Child Custody Jurisdiction and Enforcement Act in July of 2003. The most recent Rhode Island indoctrination of this Act is available at G.L. 1956 § 15-14.1-1 to 15-14.1-42.